# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABIGAIL REAL and BIENVENIDO REAL, | CASE NO. 08cv1958-WQH-CAB |
| Plaintiffs, | ORDER |
| vs. | |
| COUNTRYWIDE HOME LOANS, INC., a New York corporation; AMERIQUEST MORTGAGE COMPANY, a Delaware corporation; ALL VALLEY HOME LOANS, INC., a California Corporation; CHARLES SHEYA, an individual; and DOES 1 through 50, | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are: 1) the motion to dismiss (Doc. 12) filed by Defendant Countrywide Home Loans; 2) the motion to strike (Doc. 13) filed by Defendant Countrywide Home Loans; 3) the motion for leave to amend the complaint (Doc. 27) filed by Plaintiffs Abigail and Bienvenido Real; 4) the motion for a preliminary injunction (Doc. 29) filed by Plaintiffs; and 5) the motion to remand (Doc. 30) filed by Plaintiffs.

## BACKGROUND

*1. Procedural History*

On October 10, 2008, Plaintiffs Abigail and Bienvenido Real filed a complaint and an ex parte application for a temporary restraining order against Defendants Countrywide Home

1  Loans, Ameriquest Mortgage Company, All Valley Home Loans, Charles Sheya, and Does 1 -
2  50 in the California Superior Court for the County of San Diego.  (Complaint, Doc. 1, Ex. 1;
3  Ex Parte Application for TRO, Doc. 1, Ex. 2).  On October 14, 2008, the state court issued an
4  order temporarily restraining Defendants from proceeding with a foreclosure sale of Plaintiffs'
5  real property.  (Order of San Diego Superior Court, Doc. 1, Ex. 6).

6  On October 22, 2008, Defendant Countrywide Home Loans[1] (hereinafter Defendant)
7  removed this action to the United States District Court for the Southern District of California
8  pursuant to 28 U.S.C. §§ 1331 & 1441(b).  (Notice of Removal, Doc. 1).

9  On November 10, 2008, Defendant filed a motion to dismiss pursuant to Fed. R. Civ.
10  P. 12(b)(6) for failure to state a claim or, in the alternative, for a more definite statement
11  pursuant to Fed. R. Civ. P. 12(e).  (Doc. 12).

12  On December 29, 2008, Plaintiffs filed a motion for leave to amend the complaint (Doc.
13  27), a proposed first amended complaint (Doc. 28), a motion for a preliminary injunction (Doc.
14  29), and a motion to remand (Doc. 30).

15  *2. Allegations of the Complaint*

16  Plaintiffs allege that in February 2005, "Plaintiffs engaged the mortgage brokerage
17  services of Ameriquest, and its real estate agent, [Charles] Sheya, to refinance her [sic] home."
18  (Complaint, Doc. 1, Ex. 1 at 4).  Plaintiffs allege that they were falsely informed by Sheya that
19  the mortgage was a 30 year fixed loan, "when in fact, unbeknownst to Plaintiffs, Defendants
20  funded a variable interest loan with Countrywide."  (Id.).  Plaintiffs allege that their monthly
21  payments increased in January 2006 and "continued to increase, despite Plaintiffs' timely
22  payments."  (Id.).  In January 2007, Plaintiffs "could not make the [monthly] payments due to
23  the interest rate increase and financial hardship."  (Id.).

24  The complaint alleges causes of action for (1) cancellation of written instrument based
25  on fraud in factum, (2) damages for fraud, and (3) preliminary and permanent injunction.  In
26  their first cause of action for cancellation of instrument based on fraud in factum, Plaintiffs

---

[1] On December 21, 2008, Plaintiffs voluntarily dismissed Defendant Ameriquest pursuant to Fed. R. Civ. P. 41(a)(1).  (Doc. 21).  Defendant All Valley Home Loans and Defendant Sheya have yet to file a response or answer to the complaint.

seek "to enforce Plaintiffs' right to rescind consumer transactions, to void any security interest in the subject property claimed by defendants, and to recover reasonable attorney's fees and costs" pursuant to Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq. (Doc. 1, Ex. 1 at 4). In their second cause of action for fraud against Defendant Sheya and Does 1 - 50, Plaintiffs allege that "Defendants suppressed and concealed the true terms of said loan" at the time it was presented to Plaintiffs for their signature "with the intent to defraud and deceive Plaintiffs and with the intent to induce Plaintiffs to obtain a loan through Defendants." (Doc. 1, Ex. 1 at 6). Plaintiffs' third cause of action for a preliminary and permanent injunction asserts that "any foreclosure of the deed is wrongful because on October 10, 2008, Plaintiffs timely rescinded the loan because the loan is void ab initio due to fraud in factum. Defendants are therefore required to terminate any security interest they hold in the subject property." (Doc. 1, Ex. 1 at 8).

## DISCUSSION

*1. Motion to Dismiss and Motion for Leave to Amend the Complaint*

Defendant moves to dismiss the complaint on the following two grounds: 1) Plaintiffs' first cause of action for rescission of the loan instrument and damages is barred by the TILA statute of limitations; and 2) Plaintiffs' second cause of action for fraud must be dismissed because it has not been pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure. (Doc. 12 at 5). Plaintiffs move for leave to file an amended complaint "to replace their original complaint which was previously filed in California Superior Court of the County of San Diego and removed to this Court by Defendants." (Doc. 27 at 2). Plaintiffs' proposed amended complaint omits any reference to the federal Truth in Lending Act claim and relies exclusively upon state law. (Doc. 28).

Federal Rule of Civil Procedure 15 (a) mandates that leave to amend "be freely given when justice so requires." Fed R. Civ. P. 15 (a). The policy of free amendment is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003); *see also SAES Getters S.p.A. v. Aeronex*, Inc., 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002) ("courts are cautioned to apply the policy of free amendment of pleadings with

extreme liberality"). Leave to amend the complaint will generally be permitted unless the opposing party makes a showing of undue delay, bad faith, undue prejudice, or futility of amendment on the part of the moving party. *SAES Getters*, 219 F. Supp. 2d at 1086 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In this case, the original complaint filed by Plaintiffs in the state court included a federal claim based upon alleged violations of the Truth in Lending Act. (Complaint, Doc. 1, Ex. 1). Plaintiffs' proposed amended complaint omits the federal Truth in Lending Act claim and relies exclusively upon state law. (Doc. 28). This case remains in the early stages of pretrial procedure. Plaintiffs filed their motion for leave to amend shortly after Defendant moved to dismiss the original complaint. Defendants have not shown that allowing amendment would cause undue delay or be unduly prejudicial. The Court can not find that the proposed amendments would be futile based on the pleadings or that Plaintiff is proceeding in bad faith. Plaintiffs' motion for leave to file an amended complaint (Doc. 27) is GRANTED.

*2. Motion to Remand and Motion for a Preliminary Injunction*

Plaintiffs move to remand this case "on the ground that this Court cannot maintain federal subject matter jurisdiction over the claims against Defendants as alleged in the first amended complaint." (Doc. 30 at 2). In opposition to Plaintiffs' motion to remand, Defendant requests that the Court exercise supplemental jurisdiction over the state law claims as alleged in Plaintiffs' first amended complaint. (Doc. 25 at 2).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a). "[A] federal district court has discretion under the doctrine of pendant jurisdiction to remand a properly removed case to state court when all federal law claims in the action have been eliminated and only pendant state law claims remain." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 345 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise

jurisdiction over the remaining state-law claims." *Id*. at 350 n. 7.

Plaintiffs' first amended complaint, which is now the operative complaint in this case, alleges causes of action for: (1) violation of the California Business and Professions Code § 17200 et seq., Unfair Competition Act; (2) violation of California Civil Code § 2923.5 et seq.; (3) violation of California Civil Code §§ 1920 and 1921; (4) constructive fraud, California Civil Code § 1573; (5) actual fraud, California Civil Code § 1572; (6) misrepresentation and concealment, California Civil Code §§ 1709 and 1710; (7) rescission/cancellation, California Civil Code § 1689; (8) breach of fiduciary duty; (9) fraud; (10) negligence; (11) breach of implied covenant of good faith and fair dealing; (12) fraudulent misrepresentation; (13) negligent misrepresentation; and (14) dual representation claim. (First Amended Complaint, Doc 28). Plaintiffs' first amended complaint relies exclusively on state law. The Court concludes that "the values of economy, convenience, fairness and comity" point toward declining to exercise jurisdiction over Plaintiffs state law claims.

Defendant asserts, in the alternative, that Plaintiffs' motion to remand should be denied because "diversity jurisdiction did exist on the face of the Complaint and still exists on the face of the proposed first amended complaint." (Doc. 35 at 3). Subject matter jurisdiction exists under 28 U.S.C. § 1332 in civil actions between citizens of different states. 28 U.S.C. 1332. "The Supreme Court has repeatedly held . . . that § 1332(a) requires complete diversity, whereby 'in a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action.'" *Abrego v. Dow Chem. Co*., 443 F.3d 676, 679 (9th Cir. 2006) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546 (2005)). In this case, Plaintiffs are citizens of the State of California. Although Countrywide Home Loans is incorporated in New York, the first amended complaint alleges that the additional defendants are also citizens of the State of California. The Court concludes that this case could not have been properly removed based on diversity jurisdiction. Plaintiffs' motion to remand is GRANTED.

Plaintiffs move for a preliminary injunction enjoining Defendant from executing the

trustee sale of Plaintiffs' property. (Doc 29 at 2). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Price v. City of Stockton*, 390 F.3d 1105, 1117 (9th Cir. Cal. 2004) (quoting *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983)). This Court has declined to exercise its discretion to retain jurisdiction over Plaintiffs' state law claims and will not determine the right of Defendant to execute the trustee sale on Plaintiffs' property. The Plaintiffs' motion for a preliminary injunction is DENIED.

## CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss the complaint (Doc. 12) is DENIED as moot; the motion to strike (Doc. 13) is DENIED as moot; the motion for leave to file an amended complaint (Doc. 27) is GRANTED; the motion to remand (Doc 30) is GRANTED; and the motion for a preliminary injunction (Doc. 29) is DENIED.

DATED: February 2, 2009

**WILLIAM Q. HAYES**
United States District Judge